UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINZELL CALVIN WELLS, | Case No. 2:23-cv-01985-EJY |
| Plaintiff, | |
| v. | ORDER |
| MARTIN O'MALLEY, Commissioner of Social Security, | |
| Defendant. | |

Linzell Calvin Wells ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") finding Plaintiff was not disabled under Title II of the Social Security Act. ECF No. 11. Defendant filed a Cross-Motion to Affirm and Response (ECF Nos. 13, 14), and Plaintiff filed a Reply (ECF No. 15).

**I.   Background**

Plaintiff filed an application for Title II disability benefits on August 24, 2021. Administrative Record ("AR") 231-234. The Social Security Administration denied Plaintiff's applications initially and upon reconsideration after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 111-114, 127, 130-134. The ALJ held a hearing on February 13, 2023. AR 51-87. On April 20, 2023, the ALJ issued a decision finding Plaintiff was not disabled from his alleged onset date through the date of the decision. AR 31-43. Plaintiff requested review of the ALJ's decision (AR 221-227), which was denied by the Appeals Council on November 3, 2023 (AR 1-3). Plaintiff now seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**II.   Standard of Review**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla," which means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. --, 139 S.Ct. 1148, 1154 (2019)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III. Establishing Disability Under the Act

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of

2

proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV. Summary of ALJ's Decision

The ALJ applied the 5-step sequential analysis under 20 C.F.R. § 404.1520 finding Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2022. AR 36. At step one of the sequential process, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of February 1, 2021 through his date last insured of June 30, 2022. *Id.*. The ALJ next found Plaintiff has the following severe impairments:

lumbar spinal stenosis and disorders of the skeletal spine (step two). *Id*. The ALJ then concluded that through the date last insured, Plaintiff's impairment does not meet or medically equal the criteria in the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1 (step three). AR 37. In preparation for step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform a narrow range of medium work, treated as light as defined in 20 CFR 404.1567(b), except lifting 25 pounds occasionally and 10 pounds frequently; carrying 25 pounds occasionally and 10 pounds frequently; sitting for 6 hours; standing for 6 hours; and walking for 6 hours. *Id*. The ALJ further determined Plaintiff can push/pull as much as he can lift/carry; is limited to occasionally reaching overhead to the left and occasionally reaching overhead to the right; can climb ramps and stairs frequently; can never climb ladders, ropes, or scaffolds; and can balance frequently, stoop occasionally, kneel frequently, crouch occasionally, and crawl occasionally. *Id*. Finally, the ALJ determined Plaintiff can work in humidity, wetness, extreme cold, and vibration occasionally. AR 37-41. At step four, the ALJ determined that through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff could perform. AR 41-42. On this basis, the ALJ concluded Plaintiff was not disabled. AR 42.

**V.    Issues Presented**

Plaintiff contends the ALJ failed to state clear and convincing reasons for rejecting his symptom testimony because the ALJ relied solely on the lack of objective evidence supporting this testimony. ECF No. 11 at 8-9. Plaintiff argues the lack of objective evidence is legally insufficient to demonstrate clear and convincing reasons. *Id*. Plaintiff further argues the ALJ failed to articulate the specific parts of Plaintiff's symptom testimony that were not credible. *Id* at 7. In response, Defendant argues the ALJ's decision did not rely on a lack of objective evidence, but rather that Plaintiff's complaints were inconsistent with the objective evidence. ECF No. 13 at 8-9. Defendant further submits inconsistency with the medical evidence is a permissible basis to reject symptom allegations and the ALJ reasonably considered and relied upon the medical opinions provided in the record when reaching his conclusions. *Id.* at 8-9, 11-12.[1]

---

[1]    Plaintiff also filed a Reply in which he reasserts the arguments stated in his opening brief. ECF No. 15.

4

**VI.  Discussion**

When making a credibility determination regarding a plaintiff's symptom testimony, an ALJ "may not reject …[the plaintiff's] subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations." *Eldridge v. Comm'r of Soc. Sec. Admin.*, Case No. CV-22-08007-PCT-GMS, 2023 WL 4347362, at *3 (D. Ariz. July 5, 2023), *citing Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (internal quotation marks and citation omitted).  In contrast, "an ALJ may weigh inconsistencies between the … [plaintiff's] testimony and his or her conduct, daily activities, and work record, among other factors" when evaluating a plaintiff's credibility. *Id.*  Moreover, "[w]hile a *lack* of objective medical evidence may not be the sole basis for rejection of symptom testimony, inconsistency with the medical evidence or medical opinions can be sufficient" to support a finding that the plaintiff's symptom testimony is not credible. *Woods v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-01110-SAB, 2022 WL 1524772, at *10 n.4 (E.D. Cal. May 13, 2022).  In rejecting a claimant's testimony, the ALJ must clearly identify each statement being rejected and the particular evidence in the record which undermines the statement. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted).  "General findings are insufficient." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal quotation omitted).

While it is true that an ALJ may not solely rely on a *lack* of objective evidence to reject subjective symptom complaints, in this case the ALJ opined Plaintiff's symptom testimony was *inconsistent* with the objective medical evidence.  AR 38 (stating Plaintiff's testimony is "not entirely consistent" with the record).  In doing so, the ALJ identified multiple parts of Plaintiff's testimony and contrasted it with the record.  When an ALJ notes that a plaintiff's symptoms "were not entirely consistent" with the medical evidence in the record, and points to specific medical evidence inconsistent with plaintiff's symptom testimony, this constitutes rejecting the testimony on the basis of inconsistency. *Mchaffie v. O'Malley*, Case No. 22-CV-01690-H-LR, 2024 WL 1055998, at *6 (S.D. Cal. Mar. 8, 2024).

In particular, the ALJ identified Plaintiff's testimony that (1) "he experiences neck pain burning into the shoulders," (2) "he can stand for less than an hour and a half before he starts to

experience inflammation and lower back pain," and (3) "he spends most of the day lying down," and then explained that these complaints are inconsistent with the record because Plaintiff (a) "exhibited objective findings of intact sensation, full strength throughout, negative straight leg raise, normal reflexes, intact balance, and ability to ambulate independently with normal gait and station," (b) "retained full range of motion with no tenderness to palpation in the thoracic spine," (c) "was able to stand from a sitting position and sit up from supine position without difficulty," (d) "did not become unbalanced by bending or twisting," and (e) "denied adverse effects of medication and reported benefit from the use of Gabapentin."  AR 38-39.  The ALJ also identified Plaintiff's testimony that his symptoms interfere with his ability to concentrate, and found this complaint contrary to record evidence showing Plaintiff previously reported he "can concentrate fully when he wants to with no difficulty." AR 39 *citing* AR 554.  Finally, the ALJ identified Plaintiff's testimony about being in constant pain and found that it was inconsistent with the evidence demonstrating Plaintiff repeatedly presented for care "in no acute distress."  AR 39 *citing* AR 524, 612, 614, 617, 620, 693, 699, 708, 714, 726.  In sum, the ALJ rejected Plaintiff's testimony as inconsistency with the record is supported by substantial evidence, and the ALJ provided clear and convincing analysis by identifying multiple parts of Plaintiff's testimony in comparison to particular record evidence that was to the contrary.

The Court finds the ALJ's analysis is thorough.  In comparison, Plaintiff offers no support for his general assertion that the ALJ "failed to adequately tie … [medical] evidence to Wells's testimony he found not credible." ECF No. 11 at 7.  It is Plaintiff's burden to demonstrate the ALJ's analysis is unsupported by clear and convincing evidence such that he is entitled to disability benefits.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), *as amended* (Jan. 26, 1999) ("At all times, the burden is on the claimant to establish [his] entitlement to disability insurance benefits.").  Plaintiff cannot rely on conclusory statements to meet this burden.  *Tracy G. v. Comm'r of Soc. Sec.*, Case No. C20-5000-MLP, 2021 WL 148389, at *2 (W.D. Wash. Jan. 15, 2021), *aff'd sub nom. Gormley v. Kijakazi*, Case No. 21-35193, 2022 WL 486625 (9th Cir. Feb. 17, 2022) (finding that when a plaintiff's argument is conclusory, it "falls far short of meeting her burden to show the ALJ harmfully erred.").

In sum, the Court finds the ALJ performed the analysis required by law and that analysis establishes clear and convincing reasons for rejecting Plaintiff's testimony regarding the severity of his symptoms. For these reasons, Plaintiff's request to remand this case for further proceedings is denied.

### VII. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must enter judgment in favor of Defendant and close this case.

DATED this 24th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE